# Larsen, Appellant, *v.* Bailey Company.

*Negligence—Master and servant—Safe place to work—Fellow servant—Transitory danger—Danger signs.*

In an action by an employee to recover damages for personal injuries, binding instructions for the defendant are proper where it appears that the plaintiff, a pipe fitter, was walking through a passageway in his employer's establishment to a room in which he was to work and was injured by bales thrown down by laborers employed in the same establishment who neglected to warn him or to place in the passage the warning signs marked "Danger" provided by the employer, which they had been ordered to place in position before throwing down the bales.

Argued March 24, 1915. Appeal, No. 101, Jan. T., 1915, by plaintiff, from judgment of C. P. No. 5, Philadelphia Co., Dec. T., 1912, No. 2247, on directed verdict in case of Martin Larsen v. John T. Bailey Company. Before BROWN, C. J., MESTREZAT, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Trespass for personal injuries.

Plaintiff was a pipe fitter, employed by the defendant, and was walking through a passageway when he was injured by bales thrown down by another employee.

At the trial MARTIN, P. J., instructed the jury as follows:

Gentlemen of the jury,—The plaintiff claims that the defendant was guilty of negligence in failing to furnish a reasonably safe place for him to work. There was nothing in the construction or location of the passageway which made it unsafe, and the defendant had provided for the safety of those who used it by directing that when bales were thrown down there should be danger signs put up as a caution, or that a man should be stationed in the passageway to prevent the use of it during such time. It appears from the evidence that Killian threw down seven bales and Mealey stood them

up to be trucked away, and that he then went back and threw down the other three, but there were no danger signs put up, although the defendant had proper signs prepared for just such an occasion, and it was the duty of employees who threw down bales to put up the signs. It was Mealey who was negligent in not performing the duty of warning the plaintiff as he approached the passageway; and Killian who neglected to put up the danger signs. The negligence which caused the injury to the plaintiff was that of his fellow servants, and he has failed to show any negligence on the part of the defendant, or of anyone acting as vice-principal.

The point submitted by the defendant is affirmed, and I direct you to find a verdict for defendant.

*Error assigned* was in directing a verdict for defendant.

*George J. Edwards, Jr.,* with him *I. Hazelton Mirkil,* for appellant.—The master is charged with the express duty of providing a safe place in which his employee may work and this duty extends to providing a safe passageway which they may use in passing to and from their work. It is a duty of which he may not relieve himself by delegating it to another employee. Under the law that other employee, upon whom devolves the duty of making the place safe, immediately becomes a vice-principal: Ricks v. Flynn, 196 Pa. 263; Barry v. Jones & Laughlin Steel Co., 234 Pa. 367; James v. Snellenburg, 244 Pa. 365; Curry v. Atlantic Refining Co., 239 Pa. 302; Powell v. S. Morgan Smith Co., 237 Pa. 272; Martin v. Atlantic Transport Co., 237 Pa. 15; Metzger v. Cramp, 235 Pa. 17; Ferry v. Philadelphia Rapid Transit Co., 232 Pa. 403.

*F. B. Bracken,* for appellee.—Where an employer provides proper safe guards to protect employees from the transitory risks arising in the course of business, he is

not responsible for the failure of the employees to use them when he has no knowledge of this neglect: Snyder v. Longmead Iron Co., 244 Pa. 325; Duffy v. Platt, 205 Pa. 296; McGregor v. Penna. R. R. Co., 212 Pa. 482; Staebler v. Warren-Ehret Co., 223 Pa. 129.

The plaintiff and the employees who were responsible for the accident were fellow servants: Ryan v. Cumberland Valley R. R. Co., 23 Pa. 384; Sterner v. S. Morgan Smith Co., 233 Pa. 27; Spees v. Boggs, 198 Pa. 112; Shank v. Edison Electric Illuminating Co., 225 Pa. 393.

PER CURIAM, April 19, 1915:

This judgment is affirmed on the charge of the learned president judge below directing a verdict in favor of the defendant.